UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCELLUS M. MASON, JR.

    Plaintiff,

v.

EQUIFAX INC.,

    Defendant
_____/

## COMPLAINT

### Nature Of the Action

1. This is an action against the Defendant EQUIFAX for violating the provisions of the federal Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et.seq. .

### JURISDICTION AND VENUE

2. This complaint alleges violations of the federal Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et.seq .

3. This case arises under the laws of the United States, and presents a federal question within this Court's jurisdiction under Article III of the federal Constitution, 15 U.S.C. § 1681p, 15 U.S.C. § 1337(a), 28 U.S.C. §§1331, 1343, and 1361.

### VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(d).

## THE PARTIES

5. Plaintiff, Marcellus M. Mason, Jr., hereafter, "Mason", resides at 214 Atterberry Drive in Sebring, Florida.

6. Defendant, EQUIFAX INC. ("EQUIFAX") is a business entity that regularly conducts business throughout Florida and has a principal place of business located in Atlanta, Georgia.

7. EQUIFAX is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

8. EQUIFAX is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according to 15 U.S.C. § 1681a(d).

9. EQUIFAX provides such consumer reports to third parties in exchange for money.

## FACTS

10. On July 20, 2020, the Plaintiff filed a dispute, Confirmation # 0202070377, with Equifax denying that he authorized approximately 20 hard inquiries for his credit report. On July 22, 2020, a mere two days later, Equifax completed its "investigation" of this dispute and declined to delete these hard inquiries.

11. With respect to hard inquiries, Equifax's apparent view is that they have no responsibility to delete hard inquiries even if they are the result of fraud as Equifax has stated: "inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor."

12. On or about July 20, 2019, the Plaintiff failed an online dispute and mailed a dispute to

Equifax regarding a tradeline related to W.S.BADCOCK CORP. This dispute asserted that the account either was not authorized by the Plaintiff or was fraudulent. The dispute also alleged that, among other things: (1) This account was not charged off in accord with the law; (2)The date opened, the date reported, and the credit limit was incorrect; (3) The Account type, the High Credit, and the Credit Limit is incorrect. (4) date of first delinquency and the date opened is incorrect. On **Aug 13, 2019**, Equifax declined to delete this information and simply verified and updated it by applying a new reporting date. Equifax declined to provide documentary evidence to support their update.

## COUNT I

### [EQUIFAX: Violation of 15 U.S.C. § 1681e(b)]

13. Plaintiff realleges and incorporates here paragraphs 1 through 11. EQUIFAX, violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintained about Plaintiff.

14. As a result of the conduct, actions and inaction of EQUIFAX, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, and loss of credit and loan opportunities.

15. . In light of the multiple correspondence between Plaintiff and EQUIFAX, , the conduct, actions and inaction of EQUIFAX, is willful, rendering it liable for actual damages, costs, fees, and punitive damages in an amount to be determined by the Court, according to 15

U.S.C. § 1681n.

16. Alternatively, EQUIFAX, was negligent in their conduct, entitling Plaintiff to recover actual damages, costs, and fees according to 15 U.S.C. § 1681o.

17. Plaintiff is entitled to recover costs and attorney's fees from EQUIFAX, in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF, MARCELLUS MASON, demands judgment against

EQUIFAX, for:

   i. actual, statutory and punitive damages;
   ii. attorney's fees and costs;
   iii. pre-judgment and post-judgment interest;
   iv. any other relief this Honorable Court deems just and proper.

## COUNT II

### [EQUIFAX: Violation of 15 U.S.C. § 1681i(a)]

18. . Plaintiff realleges and incorporates here paragraphs 1 through 9, 12.

19. EQUIFAX is in violation of 15 U.S.C. § 1681i(a).

20. EQUIFAX, failed to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information.

21. As reflected in Plaintiff's August 19, 2019 and to date credit reports EQUIFAX, failed to delete inaccurate information in its file of Plaintiff after receiving actual notice of such inaccuracy.

22. EQUIFAX also failed to provide all relevant information received from Plaintiff to the

furnisher, W.S. Badcock, Corp.

23. EQUIFAX failed to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff.

24. Alternatively, EQUIFAX failed to delete the inaccurate information contained in its file of Plaintiff after reinvestigation.

25. Furthermore, EQUIFAX failed to maintain reasonable procedures with which to filter and verify disputed information in its credit file of Plaintiff.

26. As a result of the conduct, actions and inaction of EQUIFAX, Plaintiff has suffered and incurred damages.

27. The conduct, actions and inaction of EQUIFAX was willful, rendering it liable for actual damages, costs, fees, and punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

28. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover actual damages, costs, and fees damages according to 15 U.S.C. § 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from EQUIFAX in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF, MARCELLUS MASON, demands judgment against

EQUIFAX for:

i. actual, statutory and punitive damages;

      ii. attorney's fees and costs;

      iii. pre-judgment and post-judgment interest;

      iv. any other relief this Honorable Court deems just and proper.

### JURY DEMAND

30. Plaintiff demands trial by jury with respect to all claims.

July 28, 2020

Respectfully Submitted,

*/s/ Marcellus M Mason*

Marcellus Mason
214 Atterberry Dr.
Sebring, FL 33870
Email: mcneilmason@hotmail.com
Phone: 863-253-7632

6